UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:      Case No. 07-42020-JJR13

CARLA L. TINNEY,      Chapter 13

    Debtor.

OPINION AND ORDER

This chapter 13 case was commenced in 2007, and is now before the Court on the Trustee's Motion to Modify Plan (Doc. 72). The Trustee's proposed modification would require the Debtor's inheritance from her mother's decedent estate to be used to pay claims of unsecured creditors (Doc. 72). The Debtor opposes the modification (Doc. 75).

It is undisputed that the Debtor's mother died more than 180 days after the commencement of this case, and therein lies the issue that must be resolved: whether the Debtor's inheritance is post-petition property brought into her bankruptcy estate under § 1306 of the Bankruptcy Code,[1] or is it excluded because it is outside the 180-day window under § 541(a)(5)(A)? The Court concludes the inheritance is property of the bankruptcy estate notwithstanding the expiration of more than 180 days since commencement of this case and, therefore, the Trustee's Motion to Modify is due to be granted.

---

[1] Unless otherwise indicated, references to the "Bankruptcy Code" or "Code" are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and the symbol "§" is a reference to a section, subsection, paragraph, clause, or other subdivision of the Code.

1

## Jurisdiction

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the General Order of Reference, as amended, entered by the United States District Court for the Northern District of Alabama. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); therefore, the Court has authority to enter a final order.

## Property of the Estate

Property of a chapter 13 estate is defined in §§ 541 and 1306, and it is the interplay between these two sections that underlies the dispute in this case. Section 541 broadly defines property of the estate, but also lists certain exceptions. Particularly, § 541(a)(5)(A) provides that property of the estate includes:

> (5) Any interest in property that would have been property of the estate if such interest had been an interest of the debtor *on the date of the filing of the petition*, and that the debtor acquires or becomes entitled to acquire within *180 days after such date*—
>
> (A) by bequest, devise, or inheritance.

11 U.S.C. § 541(a)(5)(A) (emphasis added).

Section 1306(a) then expands the definition of estate property for chapter 13 cases:

> (a) Property of the estate includes, in addition to the property specified in section 541 of [the Code] –
>
> (1) all property of *the kind* specified in such section that the debtor acquires *after the commencement of the case but before the case is closed, dismissed, or converted* to a case under chapter 7, 11, or 12 of [the Code], whichever occurs first; and
> (2) earnings from services performed by the debtor after the commencement of this case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of [the Code], whichever occurs first.

11 U.S.C. § 1306(a) (emphasis added).

Whether the Court should grant the Trustee's motion simply boils down to whether the temporal language in § 1306 – "after commencement of the case but before the case is closed,

2

dismissed, or converted" – expands the 180-day time period in § 541(a)(5)(A); the Court finds that by its plain language § 1306 does just that. The large majority of courts to address the issue agree. *See, e.g., In re Vannordstrand*, 356 B.R. 788 (table), 2007 WL 283076, *2 (10th Cir. BAP 2007) ("Universally, and contrary to the present Debtor's contention, the cases agree that § 1306 modifies the § 541 time period in Chapter 13 cases."); *In re Watson*, 2012 WL 2120530 (Bankr. N.D. Ala. 2012) (finding that inheritance received more than 180 days postpetition "was property of the kind specified in § 541(a)(5)(A) of the Bankruptcy Code"); *In re Morrison*, 403 B.R. 895 (Bankr. M.D. Fla. 2009) (life insurance proceeds accruing to wife more than 180 days after chapter 13 case was filed were property of her chapter 13 estate pursuant to § 1306, prior to conversion to chapter 7); *In re Jackson*, 403 B.R. 95, 98 (Bankr. D. Idaho 2009) (referring to §§ 541 and 1306 and finding that under those provisions, real property inherited more than 180 days post-petition would be estate property); *In re Mullican*, 417 B.R. 389, 399-400 (Bankr. E.D. Tex. 2008) (collecting cases and finding, "Most courts analyzing post-petition windfalls, such as an inheritance, have found them to be property of the Chapter 13 estate."); *In re Brinkley*, 323 B.R. 685, 689 (Bankr. W.D. Ark. 2005) ("Section 1306 of the code expands the 180 day inclusionary period in a chapter 13 case."); *In re Nott*, 269 B.R. 250 (Bankr. M.D. Fla. 2000) (post-confirmation inheritance is property of the chapter 13 estate); *In re Guentert*, 206 B.R. 958, 962 (Bankr. W.D. Mo. 1997) ("Thus, while life insurance proceeds would become property of a Chapter 7 bankruptcy estate only if a debtor became eligible to receive them within 180 days of the commencement of the case, in Chapter 13, those same benefits become property of the estate until the case is closed, dismissed, or converted."); *In re Reiter*, 126 B.R. 961, 965 (Bankr. W.D. Tex. 1991) ("Thus, for example, a personal injury judgment, or an inheritance, or a property received post-petition during the pendency of the case is property of the estate by virtue

of Section 1306(a)(1). . . . [T]he very thrust of Section 1306 is clearly to extend the reach of all of Section 541. . . beyond the petition date in furtherance of the larger purpose of chapter 13."); *In re Tworek*, 107 B.R. 666, 667 (Bankr. D. Neb. 1989) (finding postpetition inheritance was property of the chapter 13 estate prior to conversion and stating that "[t]he fact that debtor received the inheritance during the pendency of the Chapter 13 after 180 days from the date debtor's petition was filed does not change this result."); *In re Lybrook*, 107 B.R. 611, 611 (Bankr. N.D. Ind. 1989) (discussing §§ 541 and 1306 and finding that a post-180-day inheritance became property of the Chapter 13 estate); *In re Euerle*, 70 B.R. 72, 73 (Bankr. D. N.H. 1987) (post-180-day inheritance "clearly became 'property of the estate' under the provisions of §§ 541(a)(5) and 1306(a)(1)").

The reported decisions are not unanimous, however, and a few bankruptcy courts within the Eleventh Circuit have held that the phrase "of the kind" in § 1306 must carry with it the temporal 180-day element of § 541(a)(5)(A) and, therefore, § 1306 incorporates the 180-day time frame. *See, e.g., In re Key*, 465 B.R. 709 (Bankr. S.D. Ga. 2012); *In re Walsh*, 2011 WL 2621018 (Bankr. S.D. Ga. 2011); *In re Schlottman*, 319 B.R. 23 (Bankr. M.D. Fla. 2004). This Court has considered the minority decisions, and disagrees with their interpretation of the interplay between §§ 1306 and 541(a)(5)(A).

Section 1306 is itself a temporal provision extending the estate's reach until the case is closed, dismissed, or converted and, in this Court's opinion, the phrase "of the kind" used in § 1306(a)(1) is intended to incorporate the types of property described in § 541 (i.e. bequest, devise, or inheritance) but not the 180-day temporal restriction. The kind of property is a distinct concept from the time at which the debtor's interest in the property was acquired.

4

The Eleventh Circuit has not directly ruled on the interplay between §§ 541(a)(5)(A) and 1306(a). However, in *In re Waldron*, 536 F.3d 1239, 1243 (11th Cir. 2008) it cited the bankruptcy court's decision in *In re Nott*, *supra*, as an example of a post-petition inheritance that was properly included in a chapter 13 estate. The inheritance in *Nott* was acquired almost two years post-petition. 269 B.R. at 252. In *Waldrom* the Eleventh Circuit stated that "after confirmation, the estate 'continues to be funded by the Debtors' regular income and post-petition assets as specified in section 1306(a).'" 536 F.3d at 1243 (quoting *Barbosa v. Soloman*, 235 F.3d 31, 36-37 (1st Cir. 2000) and citing numerous cases in support). Nonetheless, in *Waldron* the Eleventh Circuit did clarify the interplay between §§ 1306(a) and 1327(b): "As one court has explained, some property of the estate is vested in the debtor at confirmation, under section 1327(b), but property acquired later vests in the estate, under section 1306(a), until the case ends or is converted . . . ." *Id*. at 1243.

Some may argue that disallowing the 180-day limitation found in § 541(a)(5) for a chapter 13 estate penalizes chapter 13 debtors as opposed to those filing under chapter 7. But that difference – what property constitutes the estate – as much as anything, distinguishes the relief provided by the two chapters. For the most part, a chapter 7 estate can be identified with a snapshot taken of the debtor's property when his petition for relief is filed. Infrequently, a chapter 7 estate is augmented by an inheritance, life insurance proceeds, or property settlement acquired within180 days post-petition. § 541(a)(5). But otherwise, whatever property is acquired post-petition by a chapter 7 debtor, including wages, is his to keep, free from claims of pre-petition creditors. But a chapter 7 debtor's secured creditors, who do not agree to reaffirmations of their claims, are soon free to foreclose their mortgages, and repossess encumbered vehicles and other encumbered property. Unlike chapter 7, chapter 13 allows a debtor to retain his

5

encumbered assets by extending payments and curing defaults on secured claims over a term of 3 to 5 years. *See generally* § 1322. For example, in the instant case the Debtor's confirmed plan (Doc. 38) proposed to pay three secured creditors whose claims were secured, respectively, by her automobile, furniture and real estate; her plan proposed to pay nothing to unsecured creditors whom she scheduled as holding claims totaling $59,534.79 (Doc. 1, Schedule F).[2]

The benefits of chapter 13 come with a price tag, and as we see in the instant case, some risk. For the privilege of retaining encumbered assets and imposing a payment plan on secured creditors, a chapter 13 debtor, unlike her chapter 7 counterpart, must make a long-term commitment, during which her post-petition property and wages are utilized to satisfy that commitment. And that commitment is subject to modification when circumstances change the debtor's ability to pay during the life of the case. *See generally* § 1329; *In re Waldron*, 536 F.3d at 1243 ("The [First Circuit] reasoned that this approach 'harmonizes two apparent inconsistent sections,' 1306(a) and 1327(b); allows for meaningful plan modification under section 1329; and is consistent with the *ability-to-pay policy underlying Chapter 13*." Emphasis added). If those changed circumstances result in additional post-petition estate property becoming available, the debtor's plan should be modified to increase the amount paid to unsecured creditors. Such additional property may be increased earnings, but most often comes in the form of a lump-sum payment from, for example, casualty insurance, settlement of a lawsuit, life insurance proceeds, or as in this case, an inheritance. And a debtor has the duty to disclose property acquired post-

---

[2] One must assume unsecured creditors would argue they, and not the Debtor, were the ones being penalized if the Debtor were allowed to retain the inheritance while paying nothing on her unsecured debts.

6

petition by amending her schedules.[3] *Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010) (citing § 541(a)); *Waldron*, 536 F.3d at 1244. Thus, not applying the 180-day limitation under § 541(a)(5) when determining what is included within a chapter 13 estate under §1306(a) is consistent with a major distinction between chapters 13 and 7.

Conclusion

In light of the cases cited above, and given the Eleventh Circuit's guidance in *Waldron*, this Court finds that the post-180-day inheritance did become property of the Debtor's bankruptcy estate and supports the Trustee's Motion to Modify to increase the dividend to unsecured creditors. If the inheritance is sufficient, it may be used to pay up to 100% of the remaining balance due on allowed unsecured claims.[4]

---

[3] The Debtor in this case appropriately amended her Schedule B to disclose the inheritance.

[4] The Debtor argues that because the inheritance is unliquidated due to unresolved claims against the decedent's estate, it should not be considered bankruptcy estate property. Such an argument is illogical and is beside the point. There is no requirement that property be subject to an exact valuation or immediate liquidation to be included in a bankruptcy estate. Unliquidated and disputed claims held by debtors, including those being actively litigated, are often scheduled as property of bankruptcy estates. In fact, failure to disclose such claims may result in their dismissal under a theory of judicial estoppel. *See Robinson v. Tyson Foods*, 595 F.3d 1269 (11th Cir. 2010); *Burnes v. PEMCO*, 291 F.3d 1282 (11th Cir. 2002); *Burroughs v. Honda*, __ F. Supp. __, No. 1:08-CV-1239-VEH (N.D. Ala. Nov. 1, 2011) (Hopkins, J.).

The Court assumes the Trustee will intervene in the probate court proceeding to assure the interest of the bankruptcy estate is protected, and the Debtor's inheritance will ultimately be distributed to the Trustee up to an amount that will pay unsecured creditors' claims in full; the balance of the inheritance is not property of the bankruptcy estate.

7

## Order

Accordingly, it is hereby ORDERED that the Trustee's Motion to Modify Plan (Doc. 72) is GRANTED and Debtor's Objection (Doc.75) is OVERRULED.

So Done and Ordered: July 9, 2012

/s/ James J. Robinson  
JAMES J. ROBINSON  
United States Bankruptcy Judge
